**TRAILWAYS, INC., Trailways Texas, Inc., and Trailways Bus System, Inc., et al., Petitioners,**

v.

**INTERSTATE COMMERCE COMMISSION and United States of America, Respondents.**

No. 81–4360.

United States Court of Appeals, Fifth Circuit.

May 17, 1982.

Leroy Hallman, Dallas, Tex., for petitioners.

Kathleen V. Gunning, I. C. C., Robert B. Nicholson, Stephen F. Ross, U. S. Dept. of Justice, Washington, D. C., for respondents.

Phillip Robinson, Paul D. Angenend, Austin, Tex., for Valley Transp. Co., Inc.

Before CLARK, Chief Judge, RUBIN and TATE, Circuit Judges.

PER CURIAM:

The intervenor, Valley Transit Company, Inc. ("Valley"), filed an application with the respondent, the Interstate Commerce Commission ("Commission"), for authority to provide passenger and package express bus service to specified points over regular routes in southeastern Texas. Valley also requested, in its application, authority to conduct special party and charter operations between points in Texas, Louisiana, Arkansas, and New Mexico. The petitioners, all members of the Trailways Bus System ("Trailways"), opposed Valley's application. Despite Trailways' protest, the Commission granted Valley the requested authority. By this petition, Trailways seeks judicial review of the Commission's decision. We affirm.

Trailways contends that the Commission acted arbitrarily, capriciously, contrary to law, in excess of its statutory authority, and without the support of substantial evidence: (1) by denying Trailways an oral hearing on this matter, as Trailways had requested; (2) by failing to make necessary subsidiary factual findings; (3) by concluding that "public convenience and necessity" justified issuance of a permit for the proposed regular route service; and (4) by concluding that Valley was entitled to a permit authorizing the proposed special party and charter service.[1]

None of Trailways' arguments require extensive discussion. As to the refusal to grant an oral hearing in regard to Valley's application, Trailways concedes, as it must, that the decision whether to grant an oral hearing is a matter for the Commission's discretion. Trailways contends that it was entitled to an oral hearing because

---

1. Trailways originally contended that the Commission acted improperly by granting Valley regular route authority in excess of that which was applied for by Valley. However, after the Commission agreed that the only authority granted to Valley was that published in the Federal Register, Trailways declined to pursue this issue further.

material facts were in dispute. However, the Commission's policy is *not* to grant an oral hearing in every case where there are disputed issues of material fact. Rather, the Commission handles application proceedings without oral argument "if at all possible," with oral hearings limited to "extraordinary cases." 49 C.F.R. §§ 1100.-251(c) & .252(f)(1). Under its rules, the Commission may, in its discretion, hear a case under the so-called "modified procedure," *i.e.*, without an oral hearing, "if it appears that *substantially all* important issues of material fact may be resolved by means of written materials and that the efficient disposition of the proceeding can be made without oral hearing." *Id.* § 1100.43 (emphasis added). Although there clearly were disputed issues in this case, Trailways does not point to any issue of material fact as to which oral hearing was necessary for its efficient disposition, even though (as Trailways suggests) the testimony of isolated witnesses might have been weakened by cross-examination as to details. We cannot say that the Commission abused its discretion by failing to grant Trailways' request for an oral hearing.

■ We also find meritless Trailways' contention that the Commission's decision granting the requested authority to Valley does not include sufficient subsidiary factual findings. The Commission's decision need not be "crystalline;" it is sufficient if the opinion "enable[s] the parties and this Court to understand the decision granting the applications." *Central Freight Lines, Inc. v. United States*, 669 F.2d 1063, 1074 (5th Cir. 1982); *Alamo Express, Inc. v. Interstate Commerce Commission*, 673 F.2d 852, at 858, 860 (5th Cir. 1982) (5th Cir. 1982). The Commission's opinion in the present case, though rather brief, adequately sets forth the Commission's rationale. It is clear that the Commission found persuasive Valley's evidence that the "public convenience and necessity" would be served by the granting of the application, and found unpersuasive Trailways' evidence that it would be substantially harmed by a grant of the requested authority. In summary, "we can discern in the Commission's

opinion a rational basis for its treatment of the evidence, and the 'arbitrary and capricious' test does not require more." *Central Freight Lines, supra*, 669 F.2d at 1074, *quoting Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.*, 419 U.S. 281, 290, 95 S.Ct. 438, 444, 42 L.Ed.2d 447 (1974).

■ In support of its application, Valley presented the verified statements of Valley's president, three expert witnesses, and over 100 prospective users of Valley's proposed service. All of these witnesses supported Valley's contention that "public convenience and necessity" justified the granting of the requested permit for the proposed service. Trailways nevertheless argues that the Commission's decision to grant the permit is not supported by substantial evidence, because the statements of Valley's witnesses are "vague, general and indefinite." However, after carefully reviewing all of the evidence, we conclude that there was more than ample evidence from which the Commission could have concluded, as it did, that the granting of the requested authority was warranted under the "public convenience and necessity" standard. Trailways simply asks this court to reweigh the evidence, which it is not our function to do. *See Alamo Express, supra*, 673 F.2d at 861; *East Texas Motor Freight Lines v. United States*, 593 F.2d 691, 697 n.11 (5th Cir. 1979).

■ The only contention raised by Trailways that is even arguably meritorious is the assertion that the Commission did not properly handle Valley's request for authority to conduct special party and charter service between points in Cameron, Hidalgo, Starr, and Willacy Counties, Texas, on the one hand, and, on the other hand, points in Lafayette and Bossier Parishes, Louisiana, Hot Springs County, Arkansas, and Lincoln County, New Mexico. The named counties in Louisiana, Arkansas and New Mexico have horse racing tracks, and apparently the primary reason why Valley requested this authority was to provide residents of the named Texas counties with

charter and special party service to and from the racetracks. In addition, Valley hopes that tourist groups in the named counties and parishes of Louisiana, Arkansas and New Mexico will utilize this charter service to come to south Texas for vacations. Trailways contends that there was "absolutely *no evidence* of support or need for charter authority to or from any point in this proceeding." Moreover, Trailways contends that, by stating in its opinion that the charter and special party portion of the Valley application was "essentially unopposed" by Trailways, the Commission misrepresented Trailways' position.

Trailways errs in its assertion that no evidence whatsoever supported Valley's application for the charter and special party service. While it is true that Valley did not present the testimony of any potential user of this proposed service, this portion of Valley's application was supported by the verified statements of Valley's president and two of Valley's expert witnesses. *See* Farris statement at 34–36; Stafford statement, at 11–12, 47–48; Davis statement, at 9. The testimony of these witnesses is sufficient to support the Commission's conclusion that "the evidence of record establishes a public need for applicant's [special party and charter] operations."

█ The Commission did perhaps go a bit too far by characterizing Valley's application for charter and special party authority as "essentially unopposed." However, Trailways' opposition to this portion of Valley's application was far from wholehearted. Trailways' vice president did mention in his verified statement that Trailways had the ability to serve those in need of interstate charter service. In an appendix to this verified statement, the witness presented a table purporting to show that the granting of Valley's application would cause Trailways to lose 50 percent of its interstate charter revenue. *See* Myers statement at 12, 19, appendix T–4. However, the table that allegedly proved that Trailways would lose charter business did not include any indicia that Trailways had ever earned any charter revenue by way of service to or from points that would be served by Valley pursuant to its application.

Trailways' charter traffic evidenced by its table could not possibly be subject to diversion by Valley, because Valley has not sought authority to conduct charter operations to or from any of the arrival or destination points mentioned on Trailways' table. Thus, because Trailways in fact presented no evidence that it would lose any revenues as a result of the granting of the proposed charter and special party authority, the Commission was not entirely inaccurate in characterizing this portion of Valley's application as "essentially unopposed." Accordingly, we cannot characterize the Commission's decision to grant the requested charter and special party authority as arbitrary, capricious, or in any way improper.

All of Trailways' arguments are without merit. The order of the Commission granting Valley's application is therefore AFFIRMED.

AFFIRMED.