**STEERE TANK LINES, INC., Petitioner,**

v.

**INTERSTATE COMMERCE COMMIS-
SION and United States of
America, Respondents.**

No. 81–4497
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 27, 1982.

Hugh T. Matthews, Dallas, Tex., for petitioner.

Cecelia E. Higgins, Atty., Washington, D. C., Robert B. Nicholson, Atty., U. S. Dept. of Justice, Washington, D. C., for respondent.

Before RUBIN, POLITZ and RANDALL, Circuit Judges.

PER CURIAM:

Petitioner Steere Tank Lines, Inc. appeals the grant of a certificate of public convenience and necessity to Petroleum Transport, Inc. Steere argues, first, that the

Interstate Commerce Commission's findings supporting the certificate were arbitrary and capricious and not based on substantial evidence, and second, that Steere in any event should have been given the chance to cross examine Petroleum Transport's witnesses at an oral hearing. For the reasons set out below, we reject both arguments and find that the Commission's determinations were not arbitrary and capricious and were based on substantial evidence and that a hearing consisting solely of written submissions was enough.

Petroleum Transport, a small intrastate carrier based in Texas, originally applied in January, 1981, for authority to haul petroleum and petroleum products between Texas and New Mexico. Along with a verified statement of its president, Petroleum Transport accompanied its application with supporting affidavits from four shippers, who all said that they would use the proposed new service. Steere, a much larger carrier already well established in the Texas-New Mexico petroleum hauling business, filed a timely protest. As it now often does in certificate application cases, the Commission handled the proceedings under a streamlined "modified procedure," which permits a decision on the basis of written submissions alone. *See* ICC Rules 43–52, 49 C.F.R. §§ 1100.43–.52 (1981). Six months later, in June, 1981, a review board of three Commission employees granted the application. *Petroleum Transport, Inc., Common Carrier Application*, No. MC–154182 (ICC Review Board No. 2 June 10, 1981). After Steere unsuccessfully appealed to a division of three Commissioners, the review board's decision automatically became final on August 28, 1981. The case has now come to us from the Commission on a direct appeal pursuant to 28 U.S.C. §§ 2321, 2341–2349 (1976). We turn first to the issue of substantial evidence.

## I. THE SUBSTANTIAL EVIDENCE REVIEW.

Under the Motor Carrier Act of 1980, the Interstate Commerce Commission must make three important factual determinations before issuing a certificate of public convenience and necessity: the petitioner must carry an initial burden of showing that it is "fit, willing, and able" to perform the proposed services; the petitioner must show that "the service proposed will serve a useful public purpose, responsive to a public demand or need"; and (once the first two showings have shifted the burden of proof) protesting carriers must fail to carry their burden of showing that "the transportation to be authorized by the certificate is inconsistent with the public convenience and necessity." 49 U.S.C.A. § 10922(b)(1) (West Supp.1982).

■ Our review of the Commission's findings is necessarily quite limited. We may not disturb the Commission's order unless we find that its conclusions were "arbitrary, capricious, an abuse of discretion, . . . not in accordance with law, . . . [or] unsupported by substantial evidence." Administrative Procedure Act § 10(e)(2), 5 U.S.C. § 706(2) (1976). We must, in other words, uphold the Commission's findings if they are grounded on "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)); *J. H. Rose Truck Line, Inc. v. ICC (Rose I)*, 683 F.2d 943 at 948–49 (5th Cir. 1982); *Nueces County Navigation District No. 1 v. ICC*, 674 F.2d 1055, at 1062 (5th Cir. 1982); *Alamo Express, Inc. v. ICC*, 673 F.2d 852, 856 (5th Cir. 1982); K. Davis, *Administrative Law Treatise* § 29.00–1, at 531 (Supp.1982) ("The term 'substantial evidence' can mean evidence which is deemed substantial, or it can mean agency action which is reasonable or which has a rational basis, or it can mean a mixture of those two ideas."). *See also Refrigerated Transport Co. v. ICC* 663 F.2d 528, 530–31 (5th Cir. 1982) (analyzing ICC order under an "arbitrary and capricious"—"substantial evidence" standard of review). And although it is true, as Steere has repeatedly emphasized in these proceedings, that a court "cannot 'accept appellate counsel's *post hoc* rationalizations for agency

action'; for an agency's order must be upheld, if at all, 'on the same basis articulated in the order by the agency itself,' " *Federal Power Commission v. Texaco, Inc.*, 417 U.S. 380, 397, 94 S.Ct. 2315, 2326, 41 L.Ed.2d 141 (1974) (quoting *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168–69, 83 S.Ct. 239, 245–50, 9 L.Ed.2d 207 (1962)), it is equally true, as we have said in nearly every recent public convenience and necessity case, that "the Commission's explanation need not be crystalline, as long as it enables the parties to understand the basis of the decision," *J. H. Rose Truck Line, Inc. v. ICC (Rose II)*, 683 F.2d 952, at 956 (5th Cir. 1982); *Trailways, Inc. v. ICC*, 681 F.2d 252, 254 (5th Cir. 1982); *Alamo Express, supra*, 673 F.2d at 856; *Central Freight Lines, Inc. v. United States*, 669 F.2d 1063, 1074 (5th Cir. 1982).

Steere argues that the Commission has failed to meet the requisite standard for all three of the required findings. We find none of the arguments persuasive.

■ As the Commission pointed out in its order of June 10th, *supra*, Petroleum Transport has fifteen pieces of equipment (truck tractors and trailers) with which to perform the proposed service. It is already engaged in the petroleum hauling business between points in Texas. Steere's argument that Petroleum Transport was not properly found to be fit, willing, and able therefore verges on the frivolous. *See Steere Tank Lines, Inc. v. ICC*, 675 F.2d 103 (5th Cir. 1982) ("fit, willing, and able" determination upheld for company that operated sixteen trucks from one terminal); *cf. American Trucking Associations, Inc. v. ICC*, 659 F.2d 452, 473 (5th Cir. 1981) (negative implication that carrier already having tank trucks and experienced in their proper use is virtually automatically "fit, willing, and able" to serve public for such loads), *clarified and*

*enforced through mandamus*, 669 F.2d 957 (1982).

Steere's argument that the Commission wrongly determined that it had not met its burden of showing (in rebuttal) that the certificate granted "is inconsistent with the public convenience and necessity" also appears insubstantial. Steere operates 798 pieces of equipment from fourteen terminals in Texas and New Mexico. We conclude that the Commission's determination that it is "highly unlikely that a small carrier like applicant, operating only 15 pieces of equipment, could divert significant traffic from a carrier as large and well-established as Steere," *Petroleum Transport, Inc., Common Carrier Application, supra*, is based on substantial evidence and rationally supports a conclusion that granting the certificate "will [not] materially jeopardize [Steere's] systemwide operations, cause injury to the public, or generally be inconsistent with public convenience and necessity." *Id.*

Steere's third argument—that Petroleum Transport has failed to meet its burden of showing that its proposed service will serve "a useful public purpose, responsive to a public demand or need"—is more serious, but also ultimately unpersuasive. The problem lies chiefly with an unfortunate emphasis in the Commission's order on the inadequacy of existing common carrier services rather than on the usefulness of the proposed new service.[1]

As Congress noted when it passed section 10922(b)(1) of the 1980 Act, "[t]he normal way to ... [meet this test] has been for applicants to submit evidence of some of those who would use the service proposed. [We think] that this is still the most effective evidence." H.R.Rep.No. 96–1069, 96th Cong., 2d Sess. 14, *reprinted in* 1980 U.S. Code Cong. & Ad.News 2283, 2296. All four of the shippers testifying for Petrole-

---

1. The Commission's order noted in particular, "Shippers currently use motor common carriers and their own trucks to move their traffic, but claim that present service and equipment levels are inadequate, particularly during peak production and shipping periods—hence their support for applicant here." *Petroleum Transport, Inc., Common Carrier Application, supra.*

Steere correctly observes that only the testimony of G. M. "Buddy" Forbess supports this statement, and that his testimony is vigorously challenged by a witness for Steere. But as we explain in Part II, *infra*, Mr. Forbess' testimony is not necessary to support the grant of the certificate.

um Transport not only asserted that they "would use" the new service, but noted the exact number of shipments per month (or week) that they expected to tender if the new service were approved. The Commission's order unmistakably, if indirectly, indicates that it was aware of and considered this evidence. This is more than enough to satisfy the "substantial evidence" test. Our review need proceed no further.

We therefore conclude that the Commission's order satisfies the "substantial evidence" standard for all three of the required showings under section 10922(b)(1) of the Motor Carrier Act.

## II. THE DENIAL OF AN ORAL HEARING.

Steere claims nonetheless that some of the evidence was ambiguous and that it should have been granted an opportunity to present its case at an oral hearing. The Commission responds, and we think persuasively, that the contested evidence is immaterial and that an oral hearing could serve no useful purpose.

The Commission's rules state:

The Commission may, in its discretion, order that a proceeding be heard under modified procedure [*i.e.*, without oral hearing] if it appears that substantially all important issues of material fact may be resolved by means of written materials and that the efficient disposition of the proceeding can be made without oral hearing.

ICC Rule 43, 49 C.F.R. § 1100.43 (1981). *See also,* ICC Rule 253(i)(3), 49 C.F.R. at § 1100.253(i)(3) (oral hearings granted "only where use of modified procedure would prejudice a party [or] material issues of decisional fact cannot adequately be resolved without an oral hearing"). The "material" contested issue in the present dispute concerns the testimony of G. M. "Buddy" Forbess, who testified both in his capacity as president of the petitioner, Petroleum Transport, and as president of Benton Oil, one of the four supporting shippers. The Commission determined that the new service would serve "a useful public purpose,·

responsive to a public demand or need" partly on the ground that present carrier services were inadequate, and only Benton Oil, through Mr. Forbess, seemed to be ·strongly dissatisfied with the present situation. Record at 9 ("Steere's service tends to be non-responsive. We have to arrange loads one (1) week in advance because of difficulty in getting trucks.").

But the issue in this case is *not* whether present service is inadequate, *cf. Ex Parte No. MC–121,* 44 Fed.Reg. 60, 296– 98 (1979) (ICC policy statement eliminating "adequacy of existing service" as an evidentiary factor insofar as it places "on the applicant the specific burden of showing that the service it proposes cannot be provided as well by existing carriers"), but rather merely whether shippers "would use" the new service. H.R.Rep.No. 96– 1069, *supra.* On this issue, the record leaves no room for doubt. The new service will be used. It necessarily follows that even if Mr. Forbess were impeached during oral cross examination, the Commission would still issue the certificate. *See Trailways, Inc., supra,* 681 F.2d at 254 ("Although there clearly were disputed issues in this case, Trailways does not point to any issue of material fact as to which oral hearing was necessary for its efficient disposition, even though ... the testimony of isolated witnesses might have been weakened by cross-examination as to details."); *cf. Rose I, supra* (upholding ICC certificate grant even though *no* shippers testified in its support). An oral hearing, in short, would do nothing to change the Commission's decision, and is therefore not required.

The order of the Commission is AFFIRMED.