684 P.2d 1135

**GROENDYKE TRANSPORT, INC.,**
**Plaintiff-Appellant,**

v.

**NEW MEXICO STATE CORPORATION**
**COMMISSION, et al.,**
**Defendants-Appellees,**

and

**Western Oil Transportation Company,**
**Inc., Steere Tank Lines, Inc. and Whit-**
**field Tank Lines, Inc., Intervenors-Ap-**
**pellees.**

No. 14651.

Supreme Court of New Mexico.

June 25, 1984.

Rehearing Denied July 18, 1984.

Edwin E. Piper, Jr., Civerolo, Hansen & Wolf, Wayne C. Wolf, Mary E. Lebeck, Albuquerque, for plaintiff-appellant.

Dave Romero, Jr., Santa Fe, for Corp. Com'n.

Jones, Gallegos, Snead & Wertheim, James E. Snead, Charles A. Purdy, James G. Whitley, Santa Fe, for intervenor-appellee Western Oil.

Jack Smith, Albuquerque, Fred M. Standley, Santa Fe, for Steere and Whitfield.

## OPINION

SOSA, Senior Justice.

The New Mexico State Corporation Commission (Commission) refused to grant a common carrier's Certificate of Public Convenience and Necessity (Certificate) as requested by Groendyke Transport, Inc. (Groendyke). Groendyke challenged the Commission's order in an appellate hearing before the First Judicial District Court. The district court affirmed and Groendyke appeals. We affirm.

In July, 1981, Groendyke applied for a Certificate for a grant of authority to operate a statewide service as a motor common carrier of property under the then controlling New Mexico Motor Carrier Act (Act), NMSA 1978, Sections 65–2–80 to 127, (Repl. Pamp.1981). The requested authority was for the transportation of "petroleum, petroleum products, petroleum by-products in bulk and chemicals in bulk, between points and places in New Mexico." After a full hearing the Commission found, *inter alia,* the following: Groendyke already had restricted authority to transport petroleum products and water in certain areas of New Mexico; Groendyke was not presently pro-

viding services to the extent authorized for either the transportation of petroleum or water; and public witnesses appearing for Groendyke, in support of the application, specifically declined to state a need for additional transportation of crude oil.

Three other transportation companies protested Groendyke's application. The protesting parties are the intervenors-appellees, Western Oil Transportation Company Inc., Steere Tank Lines, Inc. and Whitfield Tank Lines, Inc. (Protestants). All parties presented evidence at the Commission hearing. The Protestants gave evidence that the public need was being met by existing transportation services and additional authority in the area would be inconsistent with public convenience and necessity. During both the hearing and the motion for reconsideration, the Commission took into account the transportation facilities and services existing in the expanded area and found them reasonably adequate to meet the needs of the public. The Commission concluded that the requested authorization would neither serve a useful public purpose nor respond to a public need or demand, and it would have a damaging impact on existing carriers. There also was a question raised by the Commission as to Groendyke's "fitness" qualification under Section 65–2–84(D)(1) of the Act, because of non-use of its already existing authority. After considering the evidence before it, the Commission refused to grant Groendyke the Certificate.

Groendyke then appealed the Commission's decision to the First Judicial District Court and sought the issuance of a writ of mandamus, as provided in Section 65–2–120(A) of the Act, to compel the Commission to grant the requested Certificate. On appeal, the district court affirmed the Commission's order and denied the admission of new exhibits during the appeal that were not before the Commission in the prior hearing.

Issues presented for review are the following: 1) whether an applicant to receive a Certificate need only present a prima facie case that it is (a) fit, willing and able, and (b) serving a public purpose or responding to a public need; 2) whether decisions interpreting the Federal Motor Carrier Act, 49 U.S.C. §§ 10101 to 11914 (Supp. IV 1980), are controlling in our review of the New Mexico Motor Carrier Act; 3) whether new evidence can be admitted during the appeal process from an administrative agency to the district court; 4) whether the district court applied the correct standard of review to Groendyke's appeal from the Commission's determination; and 5) whether there is substantial evidence in the record to support the Commission's decision.

## I. Prima Facie Case

■ The Act provides in Subsections 65–2–84(D)(1) and (2), the criteria for the granting of a Certificate. Subsection D(1) requires that the applicant be "fit, willing and able to provide the transportation to be authorized." Subsection (D)(2) mandates that, "on the basis of evidence presented by persons supporting the issuance of the certificate, that the service proposed will serve a useful public purpose, responsive to a public demand or need." NMSA 1978, §§ 65–2–84(D)(1) and (2) (Repl.Pamp.1981).

Groendyke claims it fulfilled these criteria by presenting a prima facie case of being "fit, willing and able." The Commission and Protestants point out that the Act provides for an additional weighing and balancing process by the Commission of evidence presented by the applicant and any other persons objecting under Sections 65–2–84(E) and 65–2–84(F). Section 65–2–84(E), states that if those protesting the issuance can show "that the transportation to be authorized by the certificate is inconsistent with the public convenience and necessity," the Commission shall not issue the certificate. The making of a prima facie case merely raises a presumption in favor of Groendyke to receive the Certificate. This is a rebuttable presumption, as

the Act provides an opportunity for protestants to object to its issuance in Section 65–2–84(E), and the Act requires the Commission to consider the effect on the existing carriers in Section 65–2–84(F). The Commission is mandated, in Section 65–2–84(F), to consider the overall purpose and effect of the issuance of the certificate on existing carriers, as stated in Section 65–2–81, the policy section which states that the motor vehicle be:

[S]upervised and regulated so as to provide for the development, coordination and preservation of a safe, sound, adequate, economical and efficient intrastate motor carrier system that is vital to the public interest of New Mexico. To that end, it is necessary that regulation promote competitive, economical, efficient service by motor carrier, and reasonable charges therefore, without undue preference or advantage; enable efficient and well-managed motor carriers to earn adequate profits, attract capital, and maintain fair wages and working conditions; and provide for competitive motor carrier services at affordable rates for all municipalities, towns, villages and rural communities of New Mexico.

NMSA 1978, § 65–2–81 (Repl.Pamp.1981).

Sections 65–2–84(E) and 65–2–84(F), when read with Section 65–2–81, the policy section of the Act, show the Legislature did not intend a condition of "fit, willing and able" to be the sole criterion for obtaining a Certificate.

■ Groendyke's failure to fully utilize existing authority to transport within the state is but one factor to consider in the application process. Non-use does not rise to the level of lack of "fitness" under the Act. It is one of the many factors the Commission may consider when weighing and balancing whether the service proposed will serve a useful public purpose within the meaning of the Act.

■ The Act requires the Commission when viewing applications for certificates to consider the various factors as set forth in the *entire* Act, not simply those favorable to the applicant. The Commission was correct in balancing opposing factors as set forth in the Act in arriving at its determination.

## II. The Federal Motor Carrier Act

■ Groendyke asserts that parts of the 1980 Federal Motor Carrier Act, 49 U.S.C. §§ 10101 to 11914 (Supp. IV 1980), are similar to the New Mexico Act. *See* 49 U.S.C. §§ 10922(b)(1) and (2). These subsections refer to the criteria of "fit, willing and able" and serving a "useful public purpose." Groendyke interprets the Federal Act as being deregulatory and argues the New Mexico Act should be considered deregulatory. The Commission replies by noting that the Federal Act regulates *interstate* commerce and the New Mexico Act regulates *intrastate* commerce.

Nothing we have found in the Federal Act, nor the numerous cases interpreting it, has stated that the Federal Act suggests a specific interpretation for a state act such as the one here. The similarity between the two acts is not sufficient reason to force this State to follow a federal court's interpretation of a federal law. The very fact that one act controls interstate commerce and the other intrastate commerce is a material difference. Furthermore, in the policy statement of the New Mexico Act, there is a strong reference to *regulation* as one purpose of the Act, "It is necessary that regulation promote competitive, economical, efficient service by motor carrier ..." NMSA 1978, § 65–2–81 (Repl.Pamp. 1981). In addition the Legislature vested in the Commission the power, authority and duty to regulate common motor carriers. NMSA 1978, § 65–2–83(A) and (D). (Repl. Pamp.1981) (Supp.1983).

Groendyke cites to several federal cases as authority to interpret what the Certificate standard should be under the New Mexico Act. Regarding the prima facie showing as the sole standard, these courts

note that the burden shifts to those opposing the certificate (protestants), after the applicant makes a prima facie showing. *J.H. Rose Truck Line, Inc. v. Interstate Commerce Commission (Rose I)*, 683 F.2d 943 (5th Cir.1982); *see also Steere Tank Lines, Inc. v. Interstate Commerce Commission*, 687 F.2d 104 (5th Cir.1982) *cert. denied*, 460 U.S. 1038, 103 S.Ct. 1430, 75 L.Ed.2d 790 (1983); *Baggett Transportation Co. v. United States*, 666 F.2d 524 (11th Cir.1982). Moreover, the cases support the Commission's position that under the Act the Protestants have an opportunity to persuade the Commission that a proposed certificate is inconsistent with public convenience and necessity. *Steere Tank Lines, Inc.*, 687 F.2d 104, 105–6 (citing to 49 U.S.C. § 10922(b)(1) (West Supp.1982)).

Several federal courts have adopted a "weighing and balancing" approach that we are adopting today. *Baggett Transportation Co.*, 666 F.2d at 531; *see also Steere Tank Lines, Inc.* (Commission must consider evidence offered by prospective shippers and protestants); *J.H. Rose Truck Line, Inc. (Rose I)*, 683 F.2d at 948 n. 5 (Commission must articulate a rational connection between relevant factors). Citing to several United States Supreme Court cases, *Baggett* commented that Commission expertise is need to identify, weigh and judge competing interests. *Bowman Transportation Inc. v. Arkansas Best-Freight System, Inc.*, 419 U.S. 281, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974). *See, e.g., Interstate Commerce Commission v. J–T Transport Co.*, 368 U.S. 81, 89, 82 S.Ct. 204, 209, 7 L.Ed.2d 147 (1961). *Baggett* prescribes that Commission review of the entire motor carrier system should be considered in decisions that weigh and balance the following three factors: 1) consumer benefits; 2) adverse impact on existing carriers; and 3) the fitness of the applying carrier. Once the Commission has weighed these competing interests and come to a conclusion, the courts may not lightly disregard the decision. *Baggett* 666 F.2d at 531.

While the protestants in *Baggett* failed to meet their burden of demonstrating that the grant would be inconsistent with public convenience and necessity, the court quite clearly adopted weighing and balancing as the proper standard of review for the granting of a Certificate under the Federal Motor Carrier Act. Consistent with *Baggett* is the approach in *Refrigerated Transport Co. v. Interstate Commerce Commission*, 686 F.2d 881 (11th Cir.1982), where the court held that substantial evidence must support the Commission's determination that a grant of authority will serve a useful public purpose responsive to a public demand or need.

The weighing and balancing approach is exactly what the New Mexico Commission utilized in the instant case. This approach fits within the confines of the New Mexico Act and follows the Federal criteria as explained in *Baggett*. We hold the Commission's review of the certificate application was proper.

### III. Inadmissibility of New Evidence on Appeal

■ Concerning the admissibility of new evidence not presented to the Commission, the general rule is that "upon an appeal from an order of the Commission, additional evidence may not be considered, and the court is without authority to try the case anew upon the record." *City of Albuquerque v. New Mexico State Corp. Commission*, 93 N.M. 719, 723, 605 P.2d 227, 231 (1979); *Transcontinental Bus System v. State Corp. Commission*, 56 N.M. 158, 241 P.2d 829 (1952). The district court is limited to the record before the Commission when reviewing a Commission order. *State ex rel. State Corp. Commission v. McCulloh*, 63 N.M. 436, 321 P.2d 207 (1957). This rule is followed unless an exception is brought to the attention of the court, such as those indicated in NMSA 1978, Section 12–8–20 or Section 12–8–21 of the New Mexico Administrative Procedures Act (NMAPA). No exception under the NMAPA or the Motor Carrier Act was presented to the district court. Groendyke

did not use either Section 12–8–20, which allows the appeals court to be petitioned *before* the hearing date for leave to present additional evidence, or Section 12–8–21, which permits procedural irregularities during the Commission hearing to be a basis for admitting new evidence on appeal.

■ The role of the district court in the administrative appeal procedure is to review the record made before the Commission and determine if there was sufficient evidence to uphold the administrative agency's decision. *Ferguson-Steere Motor Co. v. State Corp. Commission,* 63 N.M. 137, 314 P.2d 894 (1957).

During the appellate review, the district court refused to admit new evidence offered by Groendyke. The evidence concerned Commission orders granting or denying certificates in similar cases. Groendyke claims the Commission used a different standard for Groendyke than that utilized in granting other similar certificates under similar circumstances. Groendyke asserts this variation in the application of standards established discriminatory treatment of Groendyke when compared with other similarly situated applicants whose applications were granted.

■ Evidence of this asserted discriminatory action was not presented to the Commission at the administrative hearing. Traditionally, cases have uniformly held the hearing of an administrative appeal at the district court level is an appellate procedure, not a trial *de novo.* *Garrett Freight Lines v. State Corp. Commission,* 63 N.M. 48, 312 P.2d 1061 (1957). *State ex rel. Transcontinental Bus Service v. Carmody,* 53 N.M. 367, 208 P.2d 1073 (1949).

■ The pertinent wording of Subsections 65–2–120(A) to (D), regarding actions to set aside orders of the Commission has remained essentially unchanged over forty years. *See* NMSA 1978, § 65–2–120(A) to (D) (Repl.Pamp.1981); NMSA 1978, § 65–2–66 (Orig.Pamp.); NMSA 1953, § 64–27–68 (Repl.Vol. 9, 1960); NMSA 1941, § 68–13–63. It is not the function of the trial court to retry the case, *Ferguson-Steere Motor Co.;* admit new evidence unless under an exception stated in Sections 12–8–20 or 12–8–21 of the NMAPA; or substitute its judgment for that of the Commission. *Gas Co. of New Mexico v. New Mexico Public Service Commission,* 100 N.M. 740, 676 P.2d 817 (1984); *Lloyd McKee Motors, Inc. v. New Mexico State Corp. Commission,* 93 N.M. 539, 602 P.2d 1026 (1979); *Llano, Inc. v. Southern Union Gas Co.,* 75 N.M. 7, 399 P.2d 646 (1964).

■ Additional evidence not presented at the administrative hearing, nor offered under a recognized exception, may not later be heard by the district court sitting in the posture of an appellate court. Here the district court was limited to reviewing that evidence presented to the Commission. We uphold the district court's decision not to accept new evidence on appeal that was neither offered at the Commission hearing nor under exceptions stated in Sections 12–8–20 and 12–8–21.

## IV. Standard of Review on Appeal

This Court's scope of review in an appeal from an administrative body is defined in the NMAPA. NMSA 1978, § 12–8–22. Unlike the Federal Administrative Procedures Act, which is generally applicable to all federal agencies, *see* 5 U.S.C. § 551, the NMAPA is not applicable to every state agency. *See* NMSA 1978, § 12–8–23. Nonethcless, the NMAPA has been used by New Mexico courts as a *general guideline* for the resolution of administrative law questions. *Duke City Lumber Co. v. New Mexico Environmental Improvement Board,* 101 N.M. 291, 681 P.2d 717 (1984); *City of Albuquerque v. New Mexico Corp. Commission,* 93 N.M. 719, 605 P.2d 227 (1978); *In re Miller,* 88 N.M. 492, 497, 542 P.2d 1182, 1187, (Ct.App.) *cert. denied,* 89 N.M. 5, 546 P.2d 70 (1975).

■ Under statute and case law, appellate review of agency determinations is

limited to the following: 1) whether the agency acted within the scope of its authority; 2) whether the order was supported by substantial evidence; 3) whether the decision was made fraudulently, arbitrarily or capriciously, NMSA 1978, § 12–8–22(A); *Gas Co. of New Mexico; Llano, Inc;* and 4) whether there was an abuse of discretion or show of bias by the agency. NMSA 1978, § 12–8–22(A)(6). The focus of the review is on the decision of the administrative agency and this Court must make the same review of the Commission's determination as the district court. *Lloyd McKee Motors; Transcontinental Bus System Inc. v. State Corp. Commission,* 67 N.M. 56, 352 P.2d 245 (1959).

There is no dispute as to whether the Commission has the authority to issue a Certificate under the Motor Carrier Act, Section 65–2–84. The dispute arises in the interpretation of the correct standard to be used for the grant of the Certificate. As stated above, we hold the correct standard to be a weighing and balancing of the factors as set out by the Legislature in Sections 65–2–84(E), 65–2–84(F), and 65–2–81 of the Act.

### V. Substantial Evidence

 After finding the Commission applied the correct standard to Groendyke's application, we examine whether there is substantial evidence in the record to support the decision of the Commission. The appellate court scrutinizes the record to determine whether the Commission's order was lawful, reasonable, and supported by substantial and competent evidence. *Gas Co. of New Mexico; Transcontinental Bus System Inc. v. State Corp. Commission,* 67 N.M. 56, 352 P.2d 245 (1959). We have held that substantial evidence in an administrative agency review is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Viking Petroleum, Inc. v. Oil Conservation Commission,* 100 N.M. 451, 452, 672 P.2d 280, 282 (1983); *see also Rinker v.*

*State Corp. Commission,* 84 N.M. 626, 506 P.2d 783 (1973). Substantial evidence in an administrative agency review requires whole record review, not a review limited to those findings most favorable to the agency order. NMSA 1978, § 12–8–22(A); *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); *Gas Co. of New Mexico; Duke City Lumber Co.*

 Furthermore, in reviewing any agency decision, "the special knowledge and experience of state agencies should be accorded deference." *Stokes v. Morgan,* 101 N.M. 195, 680 P.2d 335 (1984); *see also* NMSA 1978, § 12–8–22(A); *Viking Petroleum, Inc.* Absent an unreasonable or unlawful order; a showing of bias, arbitrary or capricious acts; an abuse of discretion by the Commission; or an order lacking substantial support in the record, this Court and the district court are without power to change the decision of the Commission. *Gas Co. of New Mexico; Llano, Inc.*

 The Legislature has charged the Commission with the administration of the Motor Carrier Act. To fulfill this charge, the Commission must use its special expertise in the field and, after weighing all factors, come to a decision within the bounds of the Act. A review of the record reveals that the Commission's decision was supported by substantial evidence. There is nothing in the record to support an allegation of an abuse of discretion; arbitrary, capricious, or bias acts by the Commission; or a misstatement of the law that would rise to the level of prejudicial error.

For all the above stated reasons, the decision of the district court is affirmed.

IT IS SO ORDERED.

FEDERICI, C.J., and STOWERS, J., concur.