798 P.2d 169

OIL TRANSPORT COMPANY,
Plaintiff–Appellant,

v.

NEW MEXICO STATE CORPORATION COMMISSION, Eric P. Serna, John H. Elliott and Jerome D. Block, Defendants–Appellees,

and

Groendyke Transport, Inc., Alfred Hite and Shelby Hite, d/b/a Ash, Inc., and Steere Tank Lines, Inc., Intervenors–Appellees.

No. 18212.

Supreme Court of New Mexico.

July 17, 1990.

Rehearing Denied Aug. 10, 1990.

Jones, Snead, Wertheim, Rodriguez & Wentworth, James G. Whitley, Elizabeth Woldman, Santa Fe, for plaintiff-appellant.

Hal Stratton, Atty. Gen., Joseph Van R. Clarke, Asst. Atty. Gen., Santa Fe, for defendant-appellee Corp. Com'n.

Raymond G. Sanchez, F.M. Mowrer, Albuquerque, for intervenor Ash, Inc.

Civerolo, Hansen & Wolf, Wayne C. Wolf, Bruce T. Thompson, Albuquerque, for intervenor Groendyke.

Jack A. Smith, Albuquerque, for intervenor Steere Tank Lines, Inc.

## OPINION

WILSON, Justice.

This matter coming on for consideration by the court on motion for rehearing and the court having considered said motion and being sufficiently advised, now, therefore, the opinion handed down on April 24, 1990 is hereby withdrawn and the opinion filed this date is substituted therefor.

Oil Transport Company (OTC) appeals a district court judgment affirming New Mexico State Corporation Commission's (Commission) orders denying OTC's application for a certificate of public convenience and necessity and granting Ash, Inc.'s (Ash) application. We reverse in part, affirm in part, and remand with instructions.

FACTS

In December 1986 Ash applied to the Commission for a certificate of public convenience and necessity to transport petroleum products statewide. *See* NMSA 1978, §§ 65–2–80 to –127 (Repl.Pamp.1981). OTC filed a similar application in February 1987. The Commission heard Ash's application on March 25 and 26, 1987, and heard consolidated applications of OTC and Mission Petroleum Carriers, Inc. (Mission) on May 6, 7, and 8, 1987. OTC and Steere Tank Lines, Inc. (Steere) intervened to protest Ash's application. Ash, Steere, and Groendyke Transport, Inc. (Groendyke) intervened to protest the OTC and Mission applications. Prior to Ash's application hearing, and again on April 13, 1987, OTC moved to consolidate the Ash and OTC application hearings for comparative review. The motions were denied by operation of law when the Commission failed to act on them prior to entering final orders on each application. The Commission granted Ash's application on October 19, 1987, and denied the OTC and Mission applications on October 29, 1987.

On January 7, 1988, OTC separately appealed both Commission orders to the district court claiming they were arbitrary, biased, and unsupported by substantial evidence. OTC also claimed the Commission's failure to consolidate the Ash and OTC applications denied OTC due process and equal protection. OTC consolidated its appeals on March 7, 1988. On February 3, 1988, the Commission filed its answer, in which it denied its orders were improper and claimed OTC lacked standing to appeal the grant of Ash's application since OTC was merely an intervenor in that proceed-

ing. On April 18, 1988, OTC amended its appellate complaints to include claims that the Commission discriminated against OTC, a Nevada corporation owned by a Lebanese national, in violation of 42 U.S.C. Sections 1981 and 1983 (1982) and erred in assessing record preparation costs against OTC. OTC also sought attorney fees under 42 U.S.C. Section 1988 (1982). The Commission denied these claims. The district court granted Ash, Groendyke, and Steere the right to intervene in these proceedings pursuant to Section 65–2–120(C).

On August 11, 1988, the district court vacated the Commission's orders and remanded for *comparative review* of the Ash and OTC applications and a resolution of conflicts in the Commission's findings of fact and conclusions of law. The court declined to review OTC's discrimination claims and claims for attorney fees and costs, since they were not raised before the Commission. The court concluded the Commission's grant of Ash's application was supported by substantial evidence and ordered the Commission to correct a clerical error in Ash's certificate if, *after comparative review*, Ash qualified for a certificate.

On August 30, 1988, OTC moved the court to reconsider its conclusion that substantial evidence supported the Commission's grant of Ash's application, as it conflicted with the court's vacation and remand of the Commission orders. The court denied this motion on September 2, 1988, stating there was no conflict since the two applications were *not mutually exclusive as an economic fact.* The court retained jurisdiction to review the Commission's orders entered upon remand.

On remand, the Commission affirmed its orders on grounds that Ash presented substantial evidence the public needed *its* services and OTC did not. The Commission also found OTC's intervenors showed substantial evidence that granting OTC's application would contravene public convenience and necessity. The Commission again concluded that the applications were *not mutually exclusive* as an economic fact, but

did not make a comparison of Ash and OTC's qualifications as carriers.

On October 12, 1988, OTC moved the district court for relief from the Commission's orders on the above grounds. On December 13, 1988, the court denied this motion, finding that the Commission complied with the remand instructions and that the orders were supported by substantial evidence. OTC appeals the district court's judgment.

ISSUES

On appeal OTC asserts: (1) the Commission's denial of its application was not supported by substantial evidence; (2) the Commission's orders were arbitrary; (3) the Commission's orders were domestically biased against OTC, in violation of 42 U.S.C. Sections 1981 and 1983 (1982); and (4) the Commission erred in assessing record preparation costs against OTC. No appeal was taken from the district court's order directing the Commission to comparatively review the Ash and OTC applications. In view of this fact, the issue before us is not whether a comparative review was required, but rather, whether the Commission complied with the district court's order and comparatively reviewed the applications.

■ On review we must determine whether the Commission's orders were: (1) within the scope of its authority; (2) supported by substantial evidence; (3) arbitrary, capricious, or fraudulent; or (4) the result of bias or an abuse of discretion. NMSA 1978, § 12–8–22(A) (Repl.Pamp. 1988); *Groendyke Transp., Inc. v. New Mexico State Corp. Comm'n*, 101 N.M. 470, 477, 684 P.2d 1135, 1142 (1984). In making this determination, we independently review the whole record for district court error. *National Council on Compensation Ins. v. New Mexico State Corp. Comm'n*, 107 N.M. 278, 282, 756 P.2d 558, 562 (1988). On appeal we may correct an administrative agency's misapplication of the law. *Conwell v. City of Albuquerque*, 97 N.M. 136, 138, 637 P.2d 567, 569 (1981); *Ortiz v. New Mexico Employment Sec. Dep't*, 105 N.M. 313, 315, 731 P.2d 1357, 1359 (Ct.App.1986).

OTC does not dispute the Commission's authority to decide common carrier applications. The Commission has constitutional authority to determine matters of public convenience and necessity relating to common carriers. N.M. Const. art. XI, § 7. The Commission also has statutory authority to establish reasonable license requirements to perform its functions. NMSA 1978, § 65–2–83(C) and (D) (Cum.Supp. 1989). We discuss OTC's issues in this context.

## (I) SUBSTANTIAL EVIDENCE

■ OTC argues substantial evidence does not support the Commission's denial of OTC's application due to its failure to consider Ash's evidence of public need for a statewide petroleum carrier in evaluating OTC's application. Substantial evidence supporting administrative agency action is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *National Council on Compensation Ins. v. New Mexico State Corp. Comm'n,* 107 N.M. 278, 282, 756 P.2d 558, 562 (1988); *Viking Petroleum, Inc. v. Oil Conservation Comm'n,* 100 N.M. 451, 453, 672 P.2d 280, 282 (1983).

### (a) *Certificate Requirements*

■ Except as provided in NMSA 1978, Section 65–2–84 (Repl.Pamp.1981), the Commission shall issue a certificate of public convenience and necessity authorizing the applicant to provide transportation as a common carrier under the Motor Carrier Act if it finds:

    (1) that the person is fit, willing and able to provide the transportation to be authorized by the certificate and to comply with the Motor Carrier Act and regulations of the commission; and

    (2) on the basis of evidence presented by persons supporting the issuance of the certificate, that the service proposed will serve a useful public purpose, responsive to a public demand or need.

NMSA 1978, § 65–2–84(D) (Repl.Pamp. 1981). *See also Groendyke Transp., Inc. v. New Mexico State Corp. Comm'n,* 101 N.M. 470, 473, 684 P.2d 1135, 1138 (1984).

Notwithstanding an applicant's prima facie showing pursuant to Section 65–2–84(D), the Commission must deny an application if it finds, based on intervenor and protestant evidence, that a grant would be inconsistent with public convenience and necessity. *Id.* at 473–74, 684 P.2d at 1138–39; *see also* §§ 65–2–84(E), (F).

### (b) *Public Need*

The Commission denied OTC's application in part for failure to show, in its hearing, a public need for its services. The Commission's order was based on a strict interpretation of NMSA 1978, Section 65–2–84(D) (Repl.Pamp.1981), which requires *"persons supporting the issuance of the certificate ..."* to present evidence the public needs their services. (emphasis added). We disagree with this interpretation of the statute.

■ Prima facie evidence of public need is established by identifying: (1) commodities to be shipped; (2) points to and from which traffic moves; (3) the volume of freight to be tendered to the applicant; and (4) why present freight transportation services fail to meet present demands. *See Refrigerated Transp. Co. v. Interstate Commerce Comm'n,* 616 F.2d 748, 751 (5th Cir.1980); *Novak Contract Carrier Application,* 103 M.C.C. 555, 557 (1967). "[P]ublic need is a fact and is not the exclusive property of any party or supporting witness, and that having been proven by any one of several applicants for the same authority, or by all of them collectively, the public interest must control as to which shall receive the operating rights." *Contractors Transport Corp. Extension– Iron and Steel Articles,* 126 M.C.C. 637, 641 (1977). This court has held that the statutory terms "convenience" and "necessity" refer to a definite need by the general public, rather than individuals. *Transcontinental Bus Sys., Inc. v. State Corp. Comm'n,* 61 N.M. 369, 372, 300 P.2d 948, 951 (1956); *Ferguson–Steere Motor Co. v. State Corp. Comm'n,* 63 N.M. 137, 146, 314 P.2d 894, 903 (1957). "Once it has been determined that consolidation of several proceedings is appropriate, it is axiomatic that the evidence adduced in one of the

proceedings becomes a part of the entire consolidated record and is to be considered in making decisions on the merits of each of the other embraced proceedings." *Contractors Transport Corp. Extension–Iron and Steel Articles,* 126 M.C.C. at 640–41.

■ In this case, the Commission twice determined that the Ash and OTC applications were not mutually exclusive. Nevertheless, the district court ordered a comparative review of the Ash and OTC applications on remand and that order has not been appealed. Thus, under the above law, Ash and OTC's evidence of "public need" was also consolidated.

Both Ash and OTC presented evidence of commodities to be shipped, points of transportation, and prospective freight volume. Ash presented evidence that, in many areas of New Mexico, only one carrier was available to transport petroleum products. Its witnesses stated they needed more than one carrier to meet their demands and to encourage competition among carriers. Ash also presented evidence that the New Mexico economy could support more carriers and present demands exceeded available services. In addition, Ash presented evidence that its customers were pleased with its performance and would use it, as well as other certified carriers, to transport statewide. Intervenors in Ash's case objected to the wording of its application and generally stated that present carrier services met state demands.

OTC presented evidence that only one statewide carrier was presently certified. Its witnesses stated they needed more statewide carriers to increase competition in the industry, to ensure product transportation, and to allow business expansion. Some of OTC's witnesses stated they would need less carrier service, as New Mexico business was declining. OTC's intervenors presented evidence that New Mexico business was declining and OTC's certification would harm present carriers.

After hearing this evidence, the Commission determined that Ash presented sufficient evidence of "public need" and OTC did not. This finding is contrary to the law stated above. We conclude that the Com-

mission should have considered Ash's evidence of "public need" in evaluating OTC's application and its failure to do so deprived OTC of the substantial evidence necessary to support its application.

## (II) ARBITRARY, CAPRICIOUS OR FRAUDULENT

■ OTC next claims the Commission's disparate treatment of Ash and OTC was arbitrary. An administrative agency acts arbitrarily or capriciously when its action is unreasonable, irrational, wilful, and does not result from a sifting process. *Perkins v. Department of Human Servs.,* 106 N.M. 651, 655, 748 P.2d 24, 28 (Ct.App. 1987); *Garcia v. New Mexico Human Servs. Dep't,* 94 N.M. 178, 179, 608 P.2d 154, 155 (Ct.App.1979) (quoting *Olson v. Rothwell,* 28 Wis.2d 233, 239, 137 N.W.2d 86, 89 (1965), *reversed on other grounds,* 94 N.M. 175, 608 P.2d 151 (1980)).

The Commission separately evaluated the "public need" evidence presented by Ash and OTC, contrary to the law stated above. The Commission then found "public need" supported only Ash's application. Once a "public need" was shown, the Commission had no rational basis for denying OTC's application for failure to show "public need" for *its* services.

It appears that once the determination of no mutual exclusivity was made, the Commission did not thereafter consider the consolidated record in denying OTC's application in finding nos. 5, 6, 9 and 10. However, in finding no. 12, the Commission found, based on the record *of the Ash application,* that OTC's application was not consistent with "public convenience and necessity." If the Commission refused to look at the consolidated record on "public need" when it would help OTC while looking at the consolidated record on "public convenience and necessity" when it would hurt OTC, such decision making is clearly arbitrary. We conclude the Commission's decision was arbitrary.

## (III) BIAS OR ABUSE OF DISCRETION

### (a) *Bias*

OTC next argues the Commission unconstitutionally applied NMSA 1978, Section

65–2–84(D) (Repl.Pamp.1981) to deny OTC's application. Specifically, OTC alleges the Commission's orders were domestically biased against OTC, in violation of 42 U.S.C. Sections 1981 and 1983 (1982), and it seeks attorney fees under 42 U.S.C. Section 1988 (1982). In support, OTC cites Commission findings that: (1) OTC was a Nevada corporation owned by a Lebanese national; and (2) Ash, a New Mexico corporation, provided twenty-two jobs for New Mexicans.

As stated, the district court declined to hear these issues, first raised on appeal. "[I]ssues not raised in administrative proceedings will not be considered for the first time on appeal." *Wolfley v. Real Estate Comm'n*, 100 N.M. 187, 189, 668 P.2d 303, 305 (1983). *See also Kaiser Steel Corp. v. Revenue Div.*, 96 N.M. 117, 120, 628 P.2d 687, 690 (Ct.App.), *cert. denied*, 96 N.M. 116, 628 P.2d 686 (1981). The district court may remand original issues to the Commission, if it is necessary to dispose of the case. NMSA 1978, § 12–8–22(B) (Repl. Pamp.1988). The district court determined that these issues were not dispositive of the case and did not remand them. We find the Commission's failure to jointly consider the applicants' "public need" evidence dispositive of this case and affirm the district court's refusal to consider these claims.

(b) *Abuse of Discretion*

■ OTC next claims that the Commission abused its discretion by originally failing to consolidate the Ash and OTC applications. *See Ashbacker Radio Corp. v. Federal Comm. Comm'n*, 326 U.S. 327, 66 S.Ct. 148, 90 L.Ed. 108 (1945). An agency abuses its discretion when its decision is not in accord with legal procedure or supported by its findings, or when the evidence does not support its findings. *Perkins v. Department of Human Servs.*, 106 N.M. 651, 655, 748 P.2d 24, 28 (Ct.App. 1987). An agency also abuses its discretion when its decision is contrary to logic and reason. *Id.* The Commission has discretion to consolidate hearings. N.M. State Corp. Comm'n R.P. 44 (Nov. 14, 1985). The Commission may prescribe its own procedural rules within constitutional limits.

N.M. Const. art. XI, § 4; *In re Atchison, T. & S.F. Ry.*, 37 N.M. 194, 20 P.2d 918 (1933).

■ Even were we to assume the Commission had discretion not to consolidate the applications originally, the Commission had no discretion to ignore the district court's order requiring a comparative review. As stated, the Commission twice determined that the applications were not mutually exclusive. However, since the district court ordered a comparative review of both applications, including "public need" evidence, we conclude the Commission abused its discretion by failing to consolidate the evidence of public need when considering OTC's application.

(IV) COMPARATIVE REVIEW OF OTC AND ASH AS CARRIERS

The Commission failed to make findings or conclusions regarding the comparative merits of OTC and Ash, despite the district court's instructions that the Commission should make a comparative review of the Ash and OTC applications to determine whether either or both should be awarded permits. The record supports the Commission's finding that there is a public need and necessity for the services to be rendered by Ash and OTC. It is therefore necessary that the Commission make a comparative review of the whole record. After reviewing both the Ash and OTC application proceedings and all of the evidence presented, it should make a determination of whether the grant of a certificate to OTC would be "inconsistent with the public convenience and necessity" and whether OTC is "fit, willing and able to provide transportation to be authorized by the certificate and to comply with the Motor Carrier Act and the regulations of the commission." NMSA 1978, § 65–2–84(D)(1) (Repl.Pamp.1981).

The Commission should make additional findings of fact as may be necessary to support its decision.

(V) RECORD PREPARATION COSTS

■ Last, OTC argues it should not be assessed preparation costs for a record

**574**

that the Commission is required to keep in triplicate. The Commission is statutorily required to keep three copies of all *witness testimony* at its hearings. NMSA 1978, § 63–7–13 (Repl.Pamp.1989). The Commission is not required to keep three copies of the entire record, as OTC suggests. Commission Rule 64 requires the appellant to pay appellate record preparation costs. N.M. State Corp. Comm'n R.P. 64 (Nov. 14, 1985). As stated, the Commission may prescribe such rules. N.M. Const. art. XI, § 4; *In re Atchison, T. & S.F. Ry.*, 37 N.M. 194, 20 P.2d 918 (1933). Thus, the Commission's assessment of record preparation costs against OTC was proper.

We reverse and remand to the Commission with instructions that, having determined a lack of mutual exclusivity, it enter additional findings of fact and conclusions of law, based upon the entire consolidated record, as to whether the grant of a certificate to OTC would be, "inconsistent with the public convenience and necessity" and whether OTC is, "fit, willing and able to provide the transportation to be authorized by the certificate and to comply with the Motor Carrier Act and regulations of the commission." NMSA 1978, § 65–2–84(D)(1) (Repl.Pamp.1981).

IT IS SO ORDERED.

RANSOM, J., and STEVE HERRERA, District Judge (sitting by designation), concur.

SOSA, C.J., and BACA and MONTGOMERY, JJ., not participating.