**Certiorari Denied, April 2, 2012, No. 33,460**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2012-NMCA-047**

**Filing Date: January 18, 2012**

**Docket No. 29,557**

**STATE OF NEW MEXICO,**

    **Plaintiff-Appellant,**

**v.**

**OSCAR CASTRO H.,**

    **Child-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Robert S. Orlik, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellant

Jacqueline L. Cooper, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**OPINION**

**SUTIN, Judge.**

**{1}** This case was inadequately handled by the attorneys and the court in the children's court proceedings. They inexplicably failed to address critical circumstances and issues. Then, the record provided to us on appeal by the parties was incomplete, and their attempt to reconstruct what occurred at a critical hearing was inaccurate. The original appellate

briefs were based on incomplete information. We required supplemental briefs. The issues on which we decide this appeal should have been but were not considered in the children's court proceedings. The critical issues that we address are: Whether the grand jury's return of a no-bill on all of the charges contained in a delinquency petition against Oscar H. (Child) acted as a dismissal of the charges without prejudice and, if so, whether, following the return of the no-bill, the children's court erred in dismissing the petition with prejudice based on "timeliness of activity." For the reasons that follow, we hold that the consequence of the no-bill was that all of the charges were dismissed without prejudice. We also hold that the children's court erred in dismissing the charges with prejudice.

**BACKGROUND**

**{2}** The issues primarily revolve around Rule 10-243(A) NMRA, which establishes a thirty-day time limit under the Children's Court Rules within which an adjudicatory hearing must be commenced. Rule 10-243(A) lists nine events, of which the latest in time triggers the thirty-day time period. Of the nine possible triggering events, two are pertinent in the children's court proceedings and in the appellate briefs. Those are:

> (1)     the date the petition is served on the child [and]
>
> . . .
>
> (9)     if a notice of intent has been filed alleging the child is a "youthful offender,". . . the return of an indictment or the filing of a bind over order that does not include a "youthful offender" offense.

*Id.*

**{3}** On March 16, 2009, the State filed a delinquency petition against Child, who was in detention at the time, alleging that Child had committed nine delinquent acts. Two of those delinquent acts fall within the category of "youthful offender" offenses and seven fall within the category of "delinquent offender" offenses. NMSA 1978, § 32A-2-3(I)(1)(j), (k) (2005) (amended 2009) (current version at Section 32A-2-3(J)(1)(j), (k)); § 32A-2-3(C). Child was also served with the petition on March 16, and this triggered the thirty-day time period within which to commence an adjudicatory hearing under Rule 10-243(A)(1).

**{4}** On March 23, 2009, the State filed a notice of intent to seek adult sanctions, stating that it was "for the crimes alleged in [the delinquency petition] as those charges fall within the definition of a 'youthful offender[,]' pursuant to NMSA 1978, Section 32A-2-3I[,] pursuant to NMSA 1978, Section 32A-2-3I(i)[,][1]" requiring the State to proceed within

---

[1] It would appear that the State probably did not mean to repeat the citation and that instead of "3I" the State intended "3(J)."

fifteen days, on or before April 7, 2009, with either a preliminary hearing or a grand jury hearing. *See* Rule 10-213(B) NMRA (stating that "[w]ithin fifteen . . . days after a notice of intent to invoke an adult sentence is filed, a preliminary hearing will be conducted by the court unless the case is presented to a grand jury").

{5}     On April 3, 2009, the State presented all of the delinquent acts listed in the delinquency petition to a grand jury. The grand jury found no probable cause and returned a no-bill on all of the delinquent acts—that is, on the seven delinquent offender offenses, as well as on the two youthful offender offenses.

{6}     Following the no-bill, on April 13, 2009, the State moved pursuant to Rule 5-604(C) NMRA, a District Court Rule rather than the applicable Children's Court Rule, for a ninety-day extension of time for commencement of trial. In its motion, the State explained that the time limit for the trial would expire on April 17, 2009, by which time the children's court would be unable to accommodate a jury trial setting. By referring to an April 17, 2009, deadline, the trial the State was referring to was clearly the adjudicatory hearing and the time limit was clearly that in Rule 10-243(A). The motion did not mention the grand jury proceeding, did not mention any particular delinquent acts, and mistakenly relied on a District Court Rule instead of a Children's Court Rule.

{7}     In a responsive motion filed April 14, 2009, Child requested that the court deny the State's motion for an extension of time, pointing to the State's failure to provide any good cause basis for the extension and noting that the State's request was erroneously made pursuant to a District Court Rule rather than the Children's Court Rule that allows only a sixty-day extension. *See* Rule 10-243(D) (stating that "[f]or good cause shown, the time for commencement of an adjudicatory hearing may be extended by the children's court judge provided that the aggregate of all extensions granted by the children's court judge may not exceed sixty . . . days"). Child also calculated April 16, not April 17, to be the date on which "the case [was] set to expire[.]" In addition, Child noted other instances of mistakes or failures on the part of the State and the children's court that occurred during the proceedings. Child's response made no mention of the no-bill.

{8}     The court did not hold the adjudicatory hearing on April 17, 2009, but instead entertained pending motions. At that motions hearing on April 17, Child's counsel argued a litany of mistakes and failures on the part of the prosecutor that occurred during the proceedings in the children's court. Unpersuaded by the State's arguments and explanations, the court dismissed the delinquency petition with prejudice, stating: "This matter will be dismissed with prejudice. . . . The timeliness of activity that one must pursue to facilitate compliance with the Rules of Criminal Procedure need[s] to be applicable to everyone at all times[,] not selectively." Presumably, the court's ruling was based, at least in part, on a view based on defense counsel's argument that the State failed to comply with the thirty-day time limit under Rule 10-243. Inexplicably, in the hearing, neither the lawyers nor the court discussed the no-bill, and the court did not mention the no-bill in its dismissal order.

**{9}** In the State's appeal of the dismissal, the State represented in its brief in chief that the grand jury was only presented with the two youthful offender offenses and that the no-bill had no effect on the delinquent offender offenses. The State expressly asserted that the issue on appeal was whether Rule 10-243(A)(9) "provides for [restarting] the time [limitation to hold the adjudicatory hearing] when the grand jury is presented only with the youthful offender offenses and, therefore, does not make any findings regarding the delinquent offender offenses alleged in the delinquency petition."

**{10}** In its brief in chief, the State requested this Court to reverse the children's court's dismissal of the delinquency petition and to remand for an adjudicatory hearing on the delinquent offender offenses alleged in the petition. As to the youthful offender offenses, in a footnote the State indicated that "the children's court attorney could file a new delinquency petition, a notice of intent to invoke an adult sentence, and proceed with a preliminary hearing on the youthful offender offenses[,]" citing *State v. Isaac M.*, 2001-NMCA-088, ¶¶ 1, 8, 131 N.M. 235, 34 P.3d 624.

**{11}** Because the State's Rule 10-243(A)(9) argument on appeal was based on only the two youthful offender offenses having been presented to, considered by, and no-billed by the grand jury, and because the documentary record presented to us by the parties did not show what delinquent acts were presented to, considered by, and no-billed by the grand jury, this Court obtained pertinent grand jury proceeding records from the district court clerk. The records revealed that the grand jury was, in fact, presented with *all* of the delinquent acts listed in the delinquency petition, which included the delinquent offender offenses and the two youthful offender offenses. Further, the records revealed that the grand jury returned a no-bill on *all* of the delinquent acts, which included the delinquent offender offenses and the youthful offender offenses. Thus, it appeared to this Court that the State's argument on appeal may have been based on a mistake or misunderstanding as to what was presented to and determined by the grand jury.

**{12}** Accordingly, we issued an order for further briefing in which the parties were to show "why this Court should affirm or should not affirm the [children's] court's dismissal of the delinquency petition on the ground that the grand jury was presented with, addressed, and returned a no-bill on all of the charges alleged in the delinquency petition." In its supplemental brief, after acknowledging that the grand jury was presented with and returned a no-bill on all of the offenses charged in the delinquency petition, the State asserted that the no-bill acted as a dismissal of all of the charges without prejudice and that the no-bill "prevent[ed] the State from proceeding further in the case." The State requested that we "reverse the [children's] court's dismissal of the delinquency petition with prejudice under Rule 10-243(A) . . ., and order the court to enter dismissal without prejudice pursuant to the grand jury's [no-bill]." Because the parties' supplemental briefs did not, in our view, provide the analyses and answers we had hoped for, we held oral argument.

**DISCUSSION**

4

**{13}** We address (1) whether the grand jury's no-bill on all of the charges in the petition acted as a dismissal of those charges without prejudice and, if so, (2) whether, following the return of a no-bill, the children's court erred in dismissing the petition with prejudice based on its "timeliness of activity" ground. These issues are legal issues that we review de novo. *State v. Garcia*, 2005-NMCA-042, ¶ 10, 137 N.M. 315, 110 P.3d 531.

**{14}** Under Rule 10-243(A)(1), the thirty days within which to commence an adjudicatory hearing started to run on March 16, 2009, the date that Child was served with the delinquency petition. On April 3, 2009, well within the thirty-day time limit, the grand jury returned a no-bill on all of the charges in the delinquency petition. The State contends, and we agree, that the no-bill was tantamount to a dismissal of all of the charges without prejudice. *See Isaac M.*, 2001-NMCA-088, ¶ 1 (holding that following a no-bill by the grand jury, the prosecution may proceed by information). Thus, the delinquency petition charges are to be considered as no longer pending against Child at the time of the April 17, 2009, hearing. The children's court therefore lacked any procedural basis on which to dismiss the petition with prejudice based on Rule 10-243(A) or any other timeliness ground to which the court may have vaguely referred. There existed nothing further to try or to adjudicate in an adjudicatory hearing in the existing case. In the absence of pending charges, the Children's Court Rules, including Rule 10-243, were no longer in play.

**{15}** We hold that the no-bill required dismissal without prejudice of all of the charges in the delinquency petition effectively terminating the case within the thirty-day deadline in Rule 10-243(A)(1). The court lacked procedural authority to dismiss the petition with prejudice, and it erred in dismissing on the ground that the Rule 10-243(A) time deadline was violated.[2]

**CONCLUSION**

**{16}** We reverse and remand to the children's court for entry of an order dismissing all of the charges in the delinquency petition without prejudice.

**{17}** **IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

---

[2] The children's court should have been aware or at least made aware of the no-bill and should have addressed its effect on the court proceedings. Were it to have done so, it should have entered an order dismissing all of the charges in the petition without prejudice pursuant to the no-bill.

**CELIA FOY CASTILLO, Chief Judge**


**CYNTHIA A. FRY, Judge**

**Topic Index for *State v. Oscar Castro H.*, Docket No. 29,557**

| | |
|---|---|
| **CD** | **CHILDREN** |
| CD-CC | Children's Code |
| CD-CR | Children's Court |
| CD-YO | Youthful Offender |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-DC | Dismissal of Charges |
| CA-GJ | Grand Jury |
| CA-PJ | Prejudice |
| CA-TL | Time Limitations |