IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2021-NMCA-011

Filing Date: January 4, 2021

No. A-1-CA-37835

NEW MEXICO DEPO and
ANA KOEBLITZ,

      Protestants-Appellants,

v.

NEW MEXICO TAXATION &
REVENUE DEPARTMENT,

      Respondent-Appellee.

APPEAL FROM THE ADMINISTRATIVE HEARINGS OFFICE
Chris Romero, Hearing Officer

Released for Publication May 11, 2021.

New Mexico Litigation Group, LLC
Robert Koeblitz
Albuquerque, NM

for Appellants

Hector H. Balderas, Attorney General
Regina Ryanczak, Special Assistant Attorney General
Santa Fe, NM

for Appellee

OPINION

B. ZAMORA, Judge.

{1}    Ana Koeblitz (Taxpayer) appeals from an administrative hearing officer's decision and order upholding an assessment of gross receipts tax liability made by the New Mexico Taxation and Revenue Department (the Department) pursuant to the Gross Receipts and Compensating Tax Act (GRCTA), NMSA 1978, §§ 7-9-1 to -117 (1966, as amended through 2020). Taxpayer argues that New Mexico law only permits the Department to impose tax liability on the individual or entity who is engaging in business

in New Mexico, and contends that the hearing officer erred in holding her personally liable for taxes that should have been assessed against a limited liability company (LLC) that was engaged in business. We reverse.

**BACKGROUND**

**{2}**     New Mexico law imposes gross receipts tax on all entities that engage in business in New Mexico. *See* § 7-9-4. With limited exceptions not relevant to this case, the Department requires taxpayers subject to gross receipts tax to register with the Department. When a taxpayer registers and opens an account with the Department, the Department issues the taxpayer a Combined Reporting System (CRS) number for the purposes of identification and tracking. If a taxpayer with an existing CRS number converts from one form of legal entity to another (e.g., from a sole proprietorship to an LLC), the Department requires the taxpayer to submit a business tax registration update. Upon receipt of an updated business registration, the Department apparently closes the taxpayer's existing account, opens a new account to reflect the change in the taxpayer's legal status, and assigns the taxpayer a new CRS number.

**{3}**     In 2009, Taxpayer established New Mexico Depo, a business which provides court reporting services. New Mexico Depo registered with the Department and was assigned a CRS number for tax reporting purposes in January 2009. From 2009 until 2012, Taxpayer operated New Mexico Depo as a sole proprietorship. *See Jackson Constr. Inc. v. Smith*, 2012-NMCA-033, ¶ 14, 277 P.3d 470 (clarifying that "a sole proprietor is simply a single individual who owns all the assets of a business, is solely liable for its debts and employs in the business no person other than himself" (internal quotation marks and citation omitted)). However, on January 17, 2012, Taxpayer converted New Mexico Depo into an LLC.

**{4}**     However, Taxpayer did not update New Mexico Depo's registration, and New Mexico Depo continued to operate under the original CRS number assigned to the sole proprietorship. Following the 2012 conversion, Taxpayer held out New Mexico Depo, LLC as an LLC to the general public. New Mexico Depo's business records, profit and loss statements, bank statements, and its Federal Employee Identification Number reflect that it was operating as an LLC during this period.

**{5}**     At some point prior to May 2014, the Department's computerized auditing system detected a mismatch between the information Taxpayer reported to the Internal Revenue Service and the information Taxpayer reported to the Department. When such a mismatch is detected, the computerized auditing system automatically assigns an auditor to review the discrepancy. In this case, auditor Laura Gage was assigned to review New Mexico Depo's records. During the course of her review, Gage discovered that New Mexico Depo had registered with the Secretary of State as an LLC, even though the Department's records continued to reflect that New Mexico Depo was a sole proprietorship. After conferring with her supervisor regarding the discrepancy, Gage updated the Department's computerized records to reflect that New Mexico Depo was operating as an LLC as of May 9, 2014, but Gage did not issue a new CRS number to

the LLC, and New Mexico Depo continued to operate under the previously assigned CRS number.[1]

**{6}**    On October 12, 2017, the Department issued a Notice of Assessment of Taxes and Demand for Payment for gross receipts tax against Taxpayer as the sole proprietor of New Mexico Depo for the 2012 tax year. Taxpayer protested the tax assessment, and a hearing officer was assigned to hear the protest. During the protest, Taxpayer argued, among other things, that the Department had no legal authority to assign tax liability generated by an LLC to a sole proprietorship.

**{7}**    The hearing officer denied the protest. Because Taxpayer did not submit an updated registration alerting the Department that New Mexico Depo had converted to an LLC, the hearing officer found that, at the time the tax liability was incurred, the CRS number on file with the Department was assigned to Taxpayer, as the sole proprietor of New Mexico Depo, rather than New Mexico Depo, LLC. The hearing officer concluded that "New Mexico Depo, the sole proprietorship, is obligated for the liability subject of the assessment . . . since that was the identity of the taxpayer engaging in business in New Mexico." This appeal followed.

## DISCUSSION

**{8}**    We presume that an "assessment of taxes or demand for payment made by the [D]epartment is . . . correct." NMSA 1978, § 7-1-17(C) (2007); *see Corr. Corp. of Am. v. State*, 2007-NMCA-148, ¶ 17, 142 N.M. 779, 170 P.3d 1017. The burden is on the taxpayer to overcome the presumed correctness of the Department's assessment. *See Archuleta v. O'Cheskey*, 1972-NMCA-165, ¶ 11, 84 N.M. 428, 504 P.2d 638. On appeal, a decision and order issued by a hearing officer for an administrative agency will only be set aside if it is "(1) arbitrary, capricious or an abuse of discretion; (2) not supported by substantial evidence in the record; or (3) otherwise not in accordance with the law." *Team Specialty Prods., Inc. v. N.M. Tax'n & Revenue Dep't*, 2005-NMCA-020, ¶ 8, 137 N.M. 50, 107 P.3d 4 (internal quotation marks and citation omitted). "An agency abuses its discretion [if] its decision is not in accord with legal procedure or supported by its findings, or when the evidence does not support its findings[ or] . . . when its decision is contrary to logic and reason." *Oil Transp. Co. v. N.M. State Corp. Comm'n*, 1990-NMSC-072, ¶ 25, 110 N.M. 568, 798 P.2d 169 (citation omitted).

**{9}**    On appeal, Taxpayer argues that Section 7-9-4 of the GRCTA imposes tax liability only on a "person" who is "engaging in business in New Mexico." Taxpayer contends that she cannot be held individually liable for taxes assessed against New Mexico Depo because Taxpayer was not engaged in business during the taxable period as a sole proprietor. While Taxpayer raises other issues, we need not address them because we conclude the Department lacked the authority to impose tax liability against Taxpayer and this conclusion is dispositive of the other issues raised on appeal. *See Schneider Nat'l, Inc. v. N.M. Tax'n & Revenue Dep't*, 2006-NMCA-128, ¶ 9, 140 N.M. 561, 144 P.3d 120 (explaining that a court need not reach all arguments presented on

---

[1]It is unclear from the record whether or when the Department notified Taxpayer of this change.

appeal if the court's conclusion regarding the meaning and effect of a statute is dispositive).

## I.       Only a Person Engaging in Business May Be Liable for Gross Receipts Tax

**{10}**    We begin by addressing Taxpayer's argument that the GRCTA imposes tax liability only on the entity that was engaged in business. An appellate court reviews matters of statutory interpretation de novo. *See Chevron U.S.A., Inc. v. State ex rel. Tax'n & Revenue Dep't*, 2006-NMCA-050, ¶ 13, 139 N.M. 498, 134 P.3d 785. Although we give some deference to a hearing officer's reasonable interpretation and application of a statute, this Court is not bound by the hearing officer or agency's interpretation of the law, and we may substitute our own independent judgment. *GEA Integrated Cooling Tech. v. N.M. Tax'n & Revenue Dep't*, 2012-NMCA-010, ¶ 5, 268 P.3d 48. When presented with a question of statutory construction, we observe the following general principles: (1) "the plain language of a statute is the primary indicator of legislative intent[,]" and we "give the words used in the statute their ordinary meaning unless the Legislature indicates a different intent"; (2) we "will not read into a statute or ordinance language which is not there, particularly if it makes sense as written"; (3) we will "give persuasive weight to long-standing administrative constructions of statutes by the agency charged with administering them"; and (4) when "several sections of a statute are involved, they must be read together so that all parts are given effect." *High Ridge Hinkle Joint Venture v. City of Albuquerque*, 1998-NMSC-050, ¶ 5, 126 N.M. 413, 970 P.2d 599 (alteration, internal quotation marks, and citations omitted).

**{11}**    The provision of the GRCTA at the heart of this appeal provides, in relevant part, that "an excise tax equal to five and one-eighth percent of gross receipts *is imposed an any person engaging in business* in New Mexico." Section 7-9-4(A) (emphasis added). "Person" encompasses individuals, sole proprietorships, and LLCs. *See* § 7-9-3(L)(1) (listing the legal entities that are considered persons for gross receipt tax liability). "[E]ngaging in business" is defined as "carrying on or causing to be carried on any activity with the purpose of direct or indirect benefit." Section 7-9-3.3. There is nothing vague or ambiguous about the language of these statutes. As Taxpayer points out, the Department did not respond to Taxpayer's argument that the GRCTA only imposes tax liability on the entity that was engaged in business, and the Department did not cite any authority allowing the Department to assess tax liability against a person who was not engaged in business. We note that neither the registration statute nor the Department's registration regulations permit the Department to impose liability against a taxpayer based solely on its failure to update its registration. *See* NMSA 1978, § 7-1-12(A) (2000); 3.1.1.15(A) NMAC. Although the Department may impose penalties against persons who fail to meet various requirements, the penalty provisions do not allow the Department to assess gross receipts tax liability against a person who was not engaging in business during the applicable period. *See* NMSA 1978, § 7-1-69 (2007). In short, because the Legislature has not granted the Department the authority to tax persons who were not engaging in business during the taxable period, we agree with Taxpayer that the inquiry of consequence in this matter is not whether Taxpayer met the Department's registration requirements. In light of the plain language of Section 7-9-4,

we hold that the Department may only impose gross receipts tax upon persons who were engaging in business during the time period at issue.

## II. Taxpayer Was Not Engaged in Business During the Time Period at Issue

**{12}** We now consider Taxpayer's specific contention in this case: that the hearing officer's decision was arbitrary, capricious, and not supported by substantial evidence because the hearing officer made "no finding that [Taxpayer] conducted her business as a sole proprietorship after the [LLC] was formed." Taxpayer maintains that the hearing officer erred in focusing on whether Taxpayer had complied with the Department's registration requirement rather than determining whether Taxpayer was in fact the person engaging in business, and therefore subject to the Department's taxation power under Section 7-9-4.

**{13}** Relying on an unpublished, non-precedential proposed summary disposition, the hearing officer focused on Taxpayer's failure to register with the Department in upholding the Department's assessment of tax liability to Taxpayer.[2] The hearing officer described the primary issue as a question of whether Taxpayer "is personally liable for gross receipts tax liabilities incurred during the time she operated as a sole proprietorship, and after organizing a[n LLC] because she failed to update her business tax registration with the Department." We have already clarified that Section 7-9-4's plain language permits tax liability to be "imposed" only upon the "person engaging in business in New Mexico." Accordingly, we agree with Taxpayer that the inquiry of consequence in this matter is not whether Taxpayer met the Department's registration requirements. Instead, the critical inquiry is whether Taxpayer was a "person engaging in business," such that the Department had the authority to tax her.

**{14}** The hearing officer's ultimate finding that "New Mexico Depo, the sole proprietorship, is obligated for the liability subject of the assessment . . . since that was the identity of the taxpayer engaging in business in New Mexico" does not clearly explain what legal framework the hearing officer was using to reach his decision. The hearing officer did not make any findings setting forth which entity, the sole proprietorship or the LLC, was engaged in business. Having clarified that the Department may only impose gross receipts tax upon persons who were engaging in business during the time period at issue, *see* § 7-9-4(A), we review the hearing officer's decision to determine whether substantial evidence exists to support a finding that Taxpayer was the "person" engaging in business. We conclude it does not. To the contrary, the evidence shows that, during the relevant time period, New Mexico Depo

---

2The hearing officer cited *Louie Casias v. New Mexico Taxation & Revenue Department*, No. A-1-CA-36489 mem. op. (N.M. Ct. App. Oct. 29, 2018) (non-precedential). We have previously held that "unpublished orders, decisions, or memorandum opinions are not meant to be cited as controlling authority because such opinions are written solely for the benefit of the parties." *State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361, *aff'd sub nom. Gonzales v. State*, 1991-NMSC-015, ¶ 12, 111 N.M. 363, 805 P.2d 630. We further clarified that "[i]t is even less appropriate to cite a . . . proposed disposition signed by one judge. It is a preliminary and tentative indication of how a panel might resolve the issues on appeal, but it is no more than that." *Id.* ¶ 49. We therefore decline to address this case further.

was an LLC, and *only* New Mexico Depo, LLC was engaging in business. The hearing officer found (and the Department admits) that New Mexico Depo established itself as an LLC by registering and filing its articles of organization with the Secretary of State. This fact is of particular importance because registering an LLC with the Secretary of State and filing articles of organization causes an LLC to exist as a legal entity under New Mexico law. NMSA 1978, § 53-19-10(A) (1993). Finally, while Taxpayer failed to notify the Department that New Mexico Depo had converted to an LLC, Taxpayer produced substantial evidence, including business and employment records, statements of service, reported profits and losses, a bank statement, and federal tax documentation demonstrating that New Mexico Depo was operating as an LLC. Based on these records, the hearing officer unambiguously and unequivocally stated that "[f]rom January 17, 2012, [Taxpayer] . . . held her business out publicly as New Mexico Depo, LLC." While we agree that New Mexico Depo's failure to update its business registration is one fact that supports finding that New Mexico Depo was operating as a sole proprietorship rather than an LLC, the remaining facts in the record overwhelmingly demonstrate that New Mexico Depo was engaging in business as an LLC during the taxable period.

**{15}**    The Department also relies on the unpublished opinion *Richard Casias v. New Mexico Taxation & Revenue Department*, No. A-1-CA-36316, mem. op. (N.M. Ct. App. Mar. 25, 2019) (non-precedential), to support its argument that Taxpayer is personally liable for gross receipts taxes because she failed to update her registration with the Department. The Department argues, in relevant part, that *Richard Casias* stands for the proposition that a sole proprietor who fails to update the business registration fails to shift responsibility for paying gross receipts tax from the sole proprietorship to the LLC. We disagree. In *Richard Casias*, we upheld the hearing officer's assessment of tax liability against a taxpayer in his individual capacity because the taxpayer "failed to prove that [the business] was an LLC." *Id.* ¶ 17. In contrast to *Richard Casias*, in which a number of facts established that the sole proprietorship rather than the LLC was the entity engaging in business, *see id.*, the facts in this case compel the opposite conclusion—that New Mexico Depo, LLC was the entity engaging in business, and the gross receipts tax liability properly rests with the LLC and not with Taxpayer.

**{16}**    We will reverse an administrative hearing officer's decision if it is not supported by substantial evidence in the record or otherwise not in accordance with the law. NMSA 1978, § 7-1-25(C) (2015). To the extent the hearing officer's decision imposed liability against Taxpayer for failing to register with the Department, it is not in accordance with Section 7-9-4, which permits only the person engaging in business to be taxed. Alternatively, to the extent the hearing officer's decision can be interpreted as finding that Taxpayer was the entity engaging in business for purposes of the GRCTA, this finding is not supported by substantial evidence in the record. Because we reverse the hearing officer's decision, Taxpayer is not personally liable for the taxes assessed.

**CONCLUSION**

**{17}** For the forgoing reasons, we reverse the hearing officer's decision to uphold the Department's assessment of tax liability against Taxpayer as the sole proprietor of New Mexico Depo.

**{18}** **IT IS SO ORDERED.**

**BRIANA H. ZAMORA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**